**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5054**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT L. ROMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Thomas E. Johnston, District Judge.  (5:05-cr-00236)

---

Submitted:  April 30, 2007                Decided:  May 15, 2007

---

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert L. Roman appeals his eighty-two month sentence the district court imposed after Roman pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute five grams of more of cocaine base, in violation of 21 U.S.C. § 841 (2000). For the following reasons, we affirm.

Roman contends his sentence, which falls four months above the bottom of the advisory sentencing guidelines range and within the statutory maximum, was unreasonable because the district court failed to consider all of the relevant factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence that was greater than necessary to achieve the purposes of sentencing. This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily

prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court explicitly treated the Guidelines as advisory, and sentenced Roman only after considering the Sentencing Guidelines, the § 3553(a) factors, and counsel's arguments. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. We thus conclude that Roman's sentence is reasonable.

We therefore affirm Roman's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED